**NORTHERN INDIANA PUBLIC SERVICE COMPANY, Plaintiff and Defendant on counterclaim,**

v.

**COLORADO WESTMORELAND, INC., Defendant and Plaintiff on counterclaim.**

**Civ. No. H 85–542.**

United States District Court, N.D. Indiana, Hammond Division.

Oct. 30, 1986.

William H. Eichhorn and Joel R. Page, Hammond, Ind., Joseph R. Lundy, Schiff, Hardin & Waite, Chicago, Ill., Peter Hatton, Eichhorn Firm, for plaintiff and defendant on counterclaim.

Charles A. Myers, Hammond, Ind., John Coleman, Matthew J. Broderick, Dechert, Price & Rhoads, Philadelphia, Pa., for defendant and plaintiff on counterclaim.

ORDER

MOODY, District Judge.

This matter comes before the court on a Motion for Protective Order filed by plaintiff/counterdefendant Northern Indiana Public Service Company (NIPSCO) on October 14, 1986. By its motion, NIPSCO requests an order stating that it need not respond to defendant Colorado Westmoreland, Inc.'s written discovery requests which were filed on the day that discovery was to terminate. The defendant has filed

a motion for an order compelling the plaintiff to answer the interrogatories or in the alternative for clarification or modification of discovery schedule.

On February 10, 1986, the court entered a written order imposing a discovery deadline of September 30, 1986. Common sense dictates that any requests for discovery must be made in sufficient time to allow the opposing party to respond before the termination of discovery. Fed.R.Civ.P. Rule 33(a) allows a party 30 days after service of interrogatories to serve answers of objections. If the defendant were permitted to serve interrogatories on the discovery cut-off date of September 30, 1986, the plaintiffs would not be required to answer the interrogatories until October 30, 1986. This obviously does not accord with the court's intent because its scheduling order of February 10, 1986 requires the parties to file pre-trial motions on or before October 31, 1986. When the court sets a date for the termination of discovery, the parties should heed the logical import of such a deadline: the parties should complete discovery on or before that date and will not receive the benefit of court supervision of discovery which is to occur after that date. The defendant has presented no special circumstances that justify an exception to that rule in this case.

## CONCLUSION

For reasons discussed above, NIPSCO's request for a protective order is GRANTED; Colorado Westmoreland's Motion to Compel Discovery and Motion for Modification of Discovery Schedule is DENIED; Colorado Westmoreland's Motion for Clarification of discovery Schedule is hereby GRANTED.